**Xu Zheng CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4834–AG.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey; Anthony J. Labruna, Jr., Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Xu Zheng Chen, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

The IJ's adverse credibility determination was supported by substantial evidence. The IJ appropriately weighed against Chen's credibility the omission from his application of his wife's order to undergo sterilization in 1982. This matter was "the central basis for his claim of asylum" and not merely "collateral." *See Secaida–Rosales*, 331 F.3d at 309. Moreover, this omission did not form the sole basis for the IJ's adverse credibility determination, rather, the IJ properly considered it as one factor amidst several other bases contained within the whole record. *Id.* at 308.

Further, the IJ observed that Chen provided inconsistent testimony when he initially indicated on direct examination that his wife had been sterilized in November 1982, but then stated that his wife was not sterilized, and later testified that she had been sterilized in May 1998. The record supports the IJ's rejection of Chen's explanation for why he misstated when his wife was actually sterilized, because Chen's response consisted of evasive answers and a confusing comment that he had not understood "what [he] said to change it." While Chen, in his brief, argues that his emotional state interfered with his ability to testify clearly, "he must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Majidi v. Gonzales*, 430 F.3d 77, 2005 WL 3046240, at *3 (2d Cir. Nov.15, 2005) (quoting *Zhou Yun Zhang v. INS,*

386 F.3d 66, 76 (2d Cir.2004) (emphasis in *Majidi*)). This inconsistency, in which Chen's initial testimony was "dramatically different" from his later testimony, bore a "legitimate nexus" to his claim, and affords substantial evidence in support of the IJ's adverse credibility finding. *See Majidi,* 430 F.3d 77, 79.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).